### MARLOW and HOSKINS *v.* P. H. JOHNSON et al.

DEED OF TRUST: EQUITY OF REDEMPTION: LIEN.—A. executed a deed of trust, conveying a slave to secure a debt due to B., which was regularly recorded. A. afterwards executed a second deed of trust, on the same property, to secure another debt he owed to B. After the registration of the first deed, and after the execution of the second deed, but before its registration, C. recovered a judgment against A. By the court:—A.'s interest in the slave after the execution and registration of the first deed of trust, was a mere equity of redemption, and not subject to levy and sale under an execution, and no lien was created on it by the judgment of C., and B.'s second deed of trust was entitled to satisfaction out of the property, in preference to the judgment of C. See *Thornhill v. Gilmer*, 4 S. & M. 153; 27 Miss. R. 251.

Marlow et al. *v.* Johnson et al.

APPEAL from the District Chancery Court of Yazoo city. Hon. Selden S. Wright, vice-chancellor.

A full statement of the case is contained in the opinion of the court.

*Rucks* and *Yerger*, for appellants,
Cited Hutch. Code, 606, § 5.

*Dyer* and *Botters*, for appellees.
We insist for appellees :—

1. That the judgments of complainants are to be postponed in favor of the second deed of trust, because if they constituted a lien on the equity of redemption in the slave, it would only be an equitable lien, and being junior in point of time to the second deed, and the first deed having divested the legal title out of Johnson, and vested it in the trustee, the second deed created as great an equity for Samuel Hoskins, without registration, as the judgments did for complainants; and the maxim, "*prior in tempore, potior est jure*," applies. Moreover, our registration laws apply solely to legal estates. On both points, see *Wailes* v. *Cooper*, 2 Miss. R. 208; and on first point, 2 Sugden on Vendors, chap. 12, § 1, paragraph 31; 1 Powell on Mortgages, 280, note; 2 Ib. 607, a; 2 Spence on Eq. Jur. 793.

2. The judgments did not operate as liens on the equity of redemption left in Johnson by the first deed. See *Thornhill* v. *Gilmer*, 4 S. & M. 153; *Brown* v. *Bartee*, 10 Ib. 268; *Robertson* v. *Demoss*, 1 Miss. 300; 2 Hilliard on Mortgages, 151, 270, 275, 314, 315. They only became liens by filing the bill. See Barbour, Chanc. Practice, 157, 158.

For these reasons the decree below, we think, should be affirmed.

HANDY, J., delivered the opinion of the court.

The facts of this case appear to be, that on the 3d January, 1852, Johnson conveyed by deed of trust, to Botturs, trustee, a slave, to secure a debt due to Samuel Hoskins. On the 5th December, 1853, by another deed of trust, he conveyed the same slave to Botturs, as trustee, to secure another debt due to Hoskins, which deed was not filed for record until the 24th December,

VOL. II.—9

1853. In the mean time, and on the 15th December, 1853, Marlow obtained a judgment against Johnson, which was regularly enrolled and execution issued thereon, which was returned "*nulla bona.*" And on the 20th December, 1853, Napoleon W. Hoskins obtained a judgment against Johnson, which was duly enrolled and execution issued, and returned "*nulla bona.*" The trustee having advertised to sell the slave under the trust deeds, the judgment creditors filed this bill, claiming a lien upon the slave, in virtue of the judgments superior to the lien of the second deed of trust, on the ground that that deed, though executed prior to the rendition of the judgments, was not recorded until after they were rendered, and claiming to have the surplus of the proceeds of the sale of the slave in the hands of the trustee, after satisfaction of the first deed of trust, appropriated to the judgments.

To this bill the defendants filed a demurrer, which was sustained, and the bill dismissed.

The propriety of that decision depends upon, whether the judgments at law were liens upon the property; and that is a question of no difficulty under the rules settled by this court.

The first deed of trust was in full force at the date of the judgments, and is admitted to be a superior lien to any that could exist by the judgments. The legal title then was conveyed to the trustee, and the grantor of the deed had nothing in the property except his equity of redemption. And it is the settled law of this court, that such an interest is not the subject of levy and sale under execution, nor of the lien of a judgment. *Thornhill* v. *Gilmer*, 4 S. & M. 153; 27 Miss. 251, and cases there cited.

It being a mere equitable interest, upon which the lien of the judgment did not attach, the *cestui que trust*, under the second deed of trust, as the holder of a valid junior incumbrance, created by the act of the grantor himself, was entitled to come in after the satisfaction of the prior incumbrance, and receive the surplus. The trustee having proceeded to execute the deeds by selling the property for the benefit of both trusts, the judgment creditors had no equitable rights which could interfere with his execution of the trusts.

The decree is correct, and is affirmed.